UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DEZRA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2020 CV 4245 |
| | ) | |
| The CITY OF CHICAGO, et. al., | ) | Judge ROWLAND |
| | ) | |
| Defendants. | ) | Magistrate Judge MCSHAIN |

## THIRD AMENDED COMPLAINT

DEZRA JACKSON, by and through her attorneys, makes the following third amended complaint against Defendants the CITY OF CHICAGO, Illinois, and Chicago Police Officer Matthew JACKSON, ("Defendant OFFICER JACKSON"):

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331, 1434, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff DEZRA JACKSON is a 41-year-old resident of Oak Park, Illinois. Plaintiff is the Regional Director of Sales for The Mayo Clinic.

5. At all relevant times, Defendant OFFICER JACKSON is or was a Chicago police officer, employed by Defendant CITY, acting under color of law and within the scope of his employment.

6. As an employee of the City of Chicago's Police Department, police officers, like Defendant

OFFICER JACKSON, are required to take some police action when the commission of a crime occurs in their presence, whether on or off duty.

7. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois and was at all relevant times the employer and principal of Defendant OFFICER JACKSON. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims pursuant to the doctrine of *respondeat superior* and must indemnify Defendant OFFICER JACKSON on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

8. In July 2011, Plaintiff married Defendant OFFICER JACKSON.
9. The two divorced in 2013 but continued to reside together in the same home.
10. On or about October 28, 2018, Plaintiff told Defendant OFFICER JACKSON that she was moving out.
11. Defendant OFFICER JACKSON was angry that Plaintiff planned to move out.
12. In the early morning hours of October 30, 2018, Defendant OFFICER JACKSON went to the 10th District Chicago police station and reported that Plaintiff had hit him the previous evening.
13. Defendant OFFICER JACKSON's allegations that Plaintiff hit him are totally false and they were made to try and control Plaintiff and punish her for leaving him.
14. Defendant OFFICER JACKSON and several other Chicago police officers returned to Plaintiff's and Defendant OFFICER JACKSON's home at approximately 4:30 a.m. specifically to arrest Plaintiff for domestic battery.
15. All the police officers, including Defendant OFFICER JACKSON, were armed with their service weapons when they entered Plaintiff's home.
16. At approximately 4:30 a.m. on October 30, 2018, Defendant OFFICER JACKSON let the on-

duty officers into Plaintiff's home without her permission and while she was asleep.

17. Plaintiff, who had been sharing a bedroom with her daughter, woke up to police officers standing at the side of her bed shining flashlights in her face.

18. Based on Defendant OFFICER JACKSON's false report that Plaintiff had struck him, the on-duty officers ordered Plaintiff out of bed and handcuffed and arrested her in front of her daughter.

19. Plaintiff was taken to the 10th District Chicago police station in her pajamas.

20. There was no evidence that Plaintiff ever hit Defendant OFFICER JACKSON other than OFFICER JACKSON's false allegations.

21. Defendant OFFICER JACKSON had no visible injuries and he refused medical attention.

22. Once back at the police station, Defendant OFFICER JACKSON signed and swore to allegations of domestic battery against his ex-wife, in a criminal complaint against Plaintiff.

23. While at the police station after her arrest, Plaintiff urged a Chicago police sergeant to look up Defendant OFFICER JACKSON's history of falsely accusing other women of hitting or harassing him and even mentioned the names of two such women.

24. Prior to her October 30, 2018 arrest, Plaintiff had no arrest record, whatsoever.

25. Plaintiff told the on-duty officers that she had never been arrested before and that Defendant JACKSON was lying and punishing her because she was leaving him.

26. Prior to October 30, 2018, Plaintiff had no history of domestic violence.

27. On the other hand, in 2014, the Chicago Police Department made a "sustained" finding against Defendant OFFICER JACKSON in a case where he was accused of misconduct during a 2010 domestic altercation.

28. Defendant OFFICERS charged Plaintiff with domestic battery anyway.

29. Defendant OFFICER JACKSON was ordered by a supervisor to complete a tactical response

report regarding the incident with Plaintiff.

30. The Chicago Police Department requires its police officers to complete a tactical response report when an officer uses force in the performance of his or her duties.

31. Plaintiff was detained in jail until she had a bond hearing.

32. Plaintiff had to hire a criminal defense attorney to represent her as a result of the false charges placed against Plaintiff.

33. On July 17, 2019, the Cook County State's Attorney's Office dismissed the charges against Plaintiff.

34. Defendant OFFICER JACKSON has attempted to use Plaintiff's false arrest as evidence supporting his right to custody of their children.

## COUNT I
(42 U.S.C. § 1983 – False Arrest)

35. Each of the preceding paragraphs is incorporated as if fully restated here.

36. As described above, Defendant OFFICER JACKSON caused Plaintiff to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

37. As a direct and proximate result of this illegal arrest, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICER JACKSON in a fair and just amount sufficient to compensate her for her damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(Illinois Malicious Prosecution Claim)

38. Each of the preceding paragraphs is incorporated as if fully restated here.

39. As described above, Defendant OFFICER JACKSON willfully, intentionally, and recklessly

4

initiated (or caused to be initiated) judicial proceedings against Plaintiff and/or caused those proceedings to continue without probable cause to believe Plaintiff had committed the crimes charged.

40. Defendant OFFICER JACKSON created himself, and caused other police officers to create, false and inaccurate police reports and other documents pertaining to the circumstances of Plaintiff's arrest and provided false information to prosecutors handling Plaintiff's criminal case. This was done with malice and/or reckless indifference to Plaintiff's rights.

41. The criminal case against Plaintiff was terminated in her favor, in a manner indicative of her innocence.

42. As a direst and proximate result of Defendant OFFICER JACKSON's malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate her for her damages, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

DEZRA OFFICER JACKSON, Plaintiff

By: /s Torreya L. Hamilton
Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Thomas P. Needham
Attorney for Plaintiff

Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722